IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,990-04






EX PARTE JULIUS TURNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 26748 IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to concurrent life sentences for the two counts
years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. Turner v. State, No.
12-07-00028-CR (Tex. App. - Tyler, July 31, 2007).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate or interview witnesses, failed to prepare a defense, stipulated to
evidence of Applicant's guilt without Applicant's permission, failed to obtain the results of DNA
testing before advising Applicant to plead guilty, and failed to object to or challenge the testimony
of the State's expert witness. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with a copy of the punishment hearing
transcript. The trial court shall then make findings of fact as to whether DNA testing was conducted
to identify the father of the complainant's child, and if so, whether the results of such testing were
provided to defense counsel or presented at trial. The trial court shall make findings as to whether
counsel investigated or interviewed witnesses to support Applicant's claim that he lacked
opportunity to commit the offenses because of his work schedule. The trial court shall make findings
as to whether counsel advised Applicant to plead guilty, and if so, what the basis for this advice was.
The trial court shall make findings as to whether defense counsel objected to the testimony of James
Turnidge, and if so, what the basis for the objection was and whether the trial court sustained or
overruled the objection. The trial court shall make findings as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 28, 2010

Do not publish